UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF FLORIDA
Miami Division

CASE NO. 1:19-cv-21202

KENNETH BURGOS,            )
                           )
    Plaintiff,             )
                           )
v.                         )
                           )
S I T CORPORATION a/k/a    )
SYRACUSE INTERNATIONAL     )
TECHNOLOGIES               )
                           )
    Defendant.             )
_____)

## COMPLAINT

Plaintiff KENNETH BURGOS ("**Plaintiff**"), hereby sues Defendant S I T CORPORATION a/k/a SYRACUSE INTERNATIONAL TECHNOLOGIES ("**Defendant**") and alleges:

## GENERAL ALLEGATIONS

1. This is an action arising under the Fair Labor Standards Act, Title 29 U.S.C. § 201-219 (the "**Act**") for unpaid overtime wages.

2. Plaintiff is an individual, over the 18 years of age, *sui juris*, and a resident of Miami-Dade County, Florida.

3. Defendant is a Florida For Profit Corporation having its main place of business in Miami, Miami-Dade County, Florida.

4. In accordance with 28 U.S.C § 1391, venue is proper in the Southern District of Florida because Defendant maintains a principal place of business within the judicial district of

this Court and because all the events or omissions giving rise to the claims alleged herein occurred within the judicial district of this Court.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff's action arises out of Defendant's violation of the Act.

6. From on or about July 2003 through February 22, 2019, Plaintiff was an employee of Defendant (the **"Period of Employment"**).

7. Defendant is a seller and supplier of a wide range of Original Equipment Manufacturer (OEM) parts and products for the United States military.

8. The OEM parts consist of airplane and ship/marine parts and armed forces equipment.

9. In addition, Defendant also provided products for international customers in South America, Asia, Africa, Europe, the Middle East, and Australia.

10. At all times material hereto, Defendant regularly had two or more employees handling products in commerce many of which were manufactured outside of Florida and subsequently transported across state lines.

11. At all times material hereto, Defendant had complete control over Plaintiff, set Plaintiff's rate of pay, provided all work equipment, and determined the work to be performed.

12. At all times material hereto, Plaintiff's duties consisted of office related work, overseeing quality control, however, Plaintiff was unable to deviate from established policies and procedures without prior approval, had no authority to negotiate and bind the company on significant matters, and did not provide consultation or expert advice to management.

13. Furthermore, Plaintiff was not paid on a salary or fee basis as defined by 29 C.F.R § 541.605.

14. In addition, at all times material hereto, Plaintiff did not have the authority to hire or fire other employees nor were his suggestions as to hiring, firing, advancement, promotion or any other change of status of other employees given particular weight.

15. At all times material hereto, Plaintiff did not customarily or regularly direct the work of two or more other full-time employees or their equivalent.

16. Throughout his Period of Employment, Plaintiff was compensated on an hourly basis.

17. Throughout the majority of the year 2016, Plaintiff's rate of pay was $19.63 per hour for all hours worked up to forty (40) hours per week.

18. From 2017 until the end of his employment, Plaintiff's rate of pay was $20.88 per hour for all hours worked up to forty (40) hours per week.

19. At all times material hereto, Plaintiff worked an average of seven-and-a-half (7.5) hours of overtime per week, totaling 390 hours per year.

20. Notwithstanding the overtime hours worked, Plaintiff was never compensated for his overtime work as required by the Act.

21. On at least one occasion, Plaintiff requested that he be paid for his overtime work but was never compensated for same.

## **CLAIM FOR UNPAID OVERTIME WAGES AGAINST DEFENDANT**

22. Plaintiff re-alleges and incorporates paragraphs 1–21 as if fully set forth herein.

23. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the Act and specifically under the provisions of 29 U.S.C § 207.

24. In accordance with 29 U.S.C. § 203(s)(1)(A)(i)–(iii) and 29 C.F.R. § 779.238, Defendant is an enterprise that at all times material hereto regularly had at least two employees recurrently handling, selling, or otherwise working on or with goods or materials that have been moved in or produced in commerce.

25. Additionally, upon information and belief, Defendant is an enterprise with an annual gross volume of business in excess of $500,000.00.

26. Defendant is an employer under the Act.

27. At all times material hereto, Defendant failed to comply with 29 U.S.C. § 207 in that Plaintiff performed services for the benefit of Defendant and worked in excess of forty (40) hours but no provision was made by Defendant to fully compensate Plaintiff at the rate of time and one half for all hours worked by Plaintiff in excess of forty (40) hours worked per week as required by the Act.

28. Defendant willfully failed to compensate Plaintiff for his overtime work for the last three (3) years of his employment with Defendant.

29. Therefore, due to Defendant's willful violation of the Act and willful failure to fully compensate Plaintiff, Plaintiff is claiming all unpaid overtime for the last three years of his employment with Defendant.

30. Plaintiff is claiming the last three years of unpaid overtime as follows:

      a.      For March 2017 through the last day of his employment, Plaintiff is claiming overtime at $31.32 (1.5 (time-and-a-half) x $20.88/hr (regular hourly rate)) multiplied by 780 hours of overtime (during the last two years of his Period of employment) totaling $24,429.60 plus liquidated damages in the amount of $24,429.60 for a total of $48,859.20 plus all reasonable attorneys' fees and costs as provided by law.

      b.      For February 2016 through February 2017, the last day of his employment, Plaintiff is claiming overtime at $29.44 (1.5 (time-and-a-half) x $19.63/hr (regular hourly rate)) multiplied by 390 hours of overtime (during the last two years of his Period of employment) totaling $11,481.60 plus liquidated damages in the amount of $11,481.60 for a total of $22,963.20 plus all reasonable attorneys' fees and costs as provided by law.

      c.      The grand total sought by Plaintiff for last three years of unpaid overtime wages (including liquidated damages) owed by Defendant is $71,822.80 plus all reasonable attorneys' fees and costs as provided by law.

31.    Defendant willfully and intentionally refused to pay Plaintiff the full rate of overtime wages as required by the Act and remains owing Plaintiff these overtime wages.

WHEREFORE, Plaintiff requests liquidated damages and reasonable attorney fees from Defendant pursuant to the Act, to be proven at the time of trial for all overtime wages still owing from the Plaintiff's Period of Employment or as much as allowed by the Act along with court costs, interest, reasonable attorneys' fees and costs, and any other relief that the Court finds reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable as of right.

DATED this 29th day of March 2019.

                    Respectfully submitted,

By:    s/Rafael Viego III
        Rafael Viego III, Esq.
        Florida Bar No.: 60967
        **THE HISNANDEZ LEGAL GROUP**
        11410 North Kendall Drive, Suite 311
        Miami, Florida 33176
        Telephone: (305) 640-8210
        E-mail: rviego@thehlglawfirm.com
        Attorney for Plaintiff